UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| ANDREW CHUNG, } <br> ON BEHALF OF HIMSELF AND } <br> ALL OTHERS SIMILIARLY SITUATED, } <br> } <br> Plaintiff, } <br> v } <br> } <br> MIDLAND CREDIT MANAGEMENT, INC., } <br> } <br> Defendant. } | Civil Action, File No. <br> 2:19-cv-03071-JS-GRB |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Andrew Chung [hereinafter "Chung"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendant, Midland Credit Management, Inc. ["MCM"], and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Defendant's regular transaction of business within this district. Venue in this district also is proper based on MCM possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. Defendant also derives substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Chung is a natural person who resides at 197 Locust Street, # 1, Floral Park, NY 11001.

6. Chung is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about December 27, 2017, MCM sent Chung the letter annexed as Exhibit A. Chung received and read Exhibit A. For the reasons set forth below, Chung's receipt and reading of Exhibit A deprived Chung of his rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, MCM sent Exhibit A to Chung in an attempt to collect a past due debt due.

9. The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, allegedly being issued a credit card account by Synchrony Bank for his individual use, allegedly individually incurring charges by allegedly using the credit card account primarily for personal, family or household purposes, and then, as an individual, allegedly failing to pay for these charges. MCM, via Exhibit A attempted to collect this past due debt from Chung in his individual capacity; and Exhibit A did not refer to any kind of business associated with the account. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. MCM is a Kansas Domestic Business Corporation and a New York Foreign Business Corporation.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. MCM

possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

12. On Exhibit A, MCM sets forth that it is attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

13. Based upon Exhibit A and upon MCM possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of MCM is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

14. Based upon the allegations in the above three paragraphs, MCM is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

15. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

16. Exhibit A sets forth a "Current Balance" of $496.28.

17. Per Black's Law Dictionary, the word "current" means "Running; now in transit; whatever is at present in course of passage; as "the current month.".

18. Based on the above definition and /or based on the way the word "current" could be interpreted by the least sophisticated consumer", describing the balance using the word "current" means that the balance is not static but will change.

19. In addition, Exhibit A offered two options for Chung to settle his debt by making specific

lump sum payments; but Exhibit A also informed Chung of a third option. This third option involved making monthly payments as low as $50/month.

20. However, instead of informing Chung that he can pay as low as $50/month to until his total payment amount to the aforementioned "Current Balance" of $496.28, Exhibit A informs Chung that to take advantage of making these monthly payments as low as $50/month he should "Call today to discuss your options and get more details.". To the least sophisticated consumer, this instruction could imply that if he chooses to pay as low as $50/month, then the total of his payments may amount to more than the aforementioned "Current Balance" of $496.28. See FN 1. of *Taylor v. Financial Recovery Services, Inc.*, 886 F.3d 212, 215 (2d Cir. 2018).

21. However, upon information and belief, on the date of Exhibit A, the creditor was not accruing interest, late charges, and/or other charges on the "Current Balance" set forth in Exhibit A.

22. Based on the above, Defendant violated 15 USC § 1692e, 15 USC 1692e(2)(A), and/or 15 USC § 1692e(10) as a result of Exhibit A setting forth the "current" balance due or describing the balance as the "current" balance.

## SECOND CAUSE OF ACTION-CLASS CLAIM

23. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

24. Setting forth the "current" balance due or describing the balance due as the "current" balance due without any other information regarding the balance due in and of itself amounts to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## THIRD CAUSE OF ACTION-CLASS CLAIM

25. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

26. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## CLASS ALLEGATIONS

27. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

28. The class consist of (a) all natural persons (b) who received a letter from MCM on behalf of Midland dated between December 27, 2017 and December 27, 2018, (c) to collect a past due debt regarding a credit card account, (d) in a form materially identical or substantially similar to Exhibit A.

29. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

30. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

31. The predominant common question is whether Defendant's letters violate the FDCPA.

32. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

33. A class action is the superior means of adjudicating this dispute.

34. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Defendant in favor of Plaintiff and the class members for statutory damages, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:        May 28, 2019

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107